# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CECIL DEWITT NELSON, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. CV615-021 <br> CR612-005 |

## REPORT AND RECOMMENDATION

Cecil Dewitt Nelson moves under 28 U.S.C. § 2255 to challenge his conviction. CR612-005, doc. 199.[1] Upon preliminary review under Rule 4(b) of the Rules Governing § 2255 Motions, this case should be dismissed. Assisted by attorney David Burns, Nelson entered into a plea agreement to plead guilty to a kidnapping conspiracy. Doc. 148 (plea agreement); doc. 150 (judgment). As part of that bargain, he waived his direct and collateral appeals. Doc. 188 (guilty-plea hearing tr.) at 43-46.

Nelson does *not* now claim he misunderstood what the judge told him, only that Burns provided ineffective assistance of counsel (IAC) by

---

[1] The Court is citing to his criminal case docket. Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

assisting him under an "inherent conflict of interest" (further detailed below) in conjunction with the government's "bad faith."[2] Doc. 199 at 6 (Grounds One & Two). His guilty plea was involuntary, he reasons, because he "accepted [it] without understanding the concept of conflict of interest" that figures into it. *Id.* at 8. Thus, he concludes, he is entitled to have his conviction vacated.[3] *Id.* at 1-23; *see also id.* at 11 (he insists that Burns' conflict prejudiced him, and he would otherwise have chosen to go to trial); doc. 150 at 9 (he received a life sentence).

The basis for Burns' conflict of interest, Nelson explains, comes from a "Kentucky State Supreme Court" decision for which he provides no cite.[4] His explanation is perhaps best appreciated by referencing the

---

[2] On that claim a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To satisfy the deficient-performance prong, Nelson must show that Burns made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. Nelson also must rebut the strong presumption that Burns' conduct fell within the range of reasonable professional assistance. *Id.* at 689. Movant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[3] He never does expressly say this, but it is clear from the sum total of his § 2255 filing that he wants his conviction vacated so that he can go trial.

[4] The Court has located it: *U.S., ex rel. U.S. Attorneys ex rel. Eastern, Western Districts of Kentucky v. Kentucky Bar Ass'n*, 439 S.W.3d 136, 147 (Ky. 2014).

2

conclusion, reached in some jurisdictions, that both prosecutors and defense lawyers breach ethical norms by advancing IAC claim-waiving collateral waivers. As for prosecutors:

> Several bar associations (e.g., Florida, Kentucky, Pennsylvania, Utah, Virginia) have issued non-binding opinions stating that it is unethical for prosecutors to require guilty pleas to include a waiver of the right to appeal on the basis of ineffective assistance of counsel. The Kentucky Supreme Court held in 2014 that such waivers are unethical, because they protect attorneys from the consequences of providing inadequate representation. The federal government changed its policy in 2014, so that it would no longer ask for a waiver of the right to appeal on this basis as a condition of a plea bargain.[5] Previously, about one-third of U.S. Attorneys' Offices imposed this condition: *United States v. Kentucky Bar Ass'n*, No.

---

[5] As explained by the Eleventh Circuit:

> On October 14, 2014, the United States Department of Justice issued a memorandum to all federal prosecutors regarding the enforcement of appeal waivers in which defendants waive claims of ineffective assistance of counsel on direct appeal and/or collateral attack. *See* Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), available at http:// pdfserver. amlaw. com/ nlj/ DOJ_ Ineffective_ Assistance_ Counsel. pdf ("For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver *when* defense counsel rendered ineffective assistance resulting in prejudice *or* when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.").

*Jones v. United States*, 582 F. App'x 845, 845 (11th Cir. 2014) (emphasis added). "As for existing waivers, the policy seems to be this: Where ineffective assistance claims could, in the judgment of the U.S. Attorney, reasonably have some basis, the government will not enforce the waiver. But where such claims lack even facial merit, it will." *Mingo v. United States*, ___ F. Supp. 3d ___, 2014 WL 7184011 at * 1 (S.D. Ga. Dec. 17, 2014).

3

2013-SC-000270-KB (Ky. Aug. 21, 2014). *See* Joe Palazzolo, *Government Rethinks Waivers With Guilty Pleas*, Wall St. J. Sept. 26, 2014, available at WSJ.com.

LAWYERS DESK BOOK § 26.04 *Criminal Procedure* (2015) (footnote added).

As for defense lawyers, the Kentucky Supreme Court agreed with that state's bar "that the use of IAC waivers in plea bargain agreements (1) creates a nonwaivable conflict of interest between the defendant and his attorney, (2) operates effectively to limit the attorney's liability for malpractice, and (3) induces, by the prosecutor's insertion of the waiver into plea agreements, an ethical breach by defense counsel." *Id.* § 26.04. Hence, "[c]onditioning a federal guilty plea on a waiver of the right to appeal based on ineffective assistance of counsel has been held to be unethical (because it relieves incompetent attorneys of consequences of poor representation)[.]" *Id.* § 27.01.

Nelson, however, has always been free to claim that Burns was ineffective in negotiating, communicating, or otherwise facilitating the plea bargain itself (e.g., that Burns negligently failed to convey a better plea offer, or lied to or threatened Nelson in some way). So even assuming *arguendo* that Burns' participation here amounts to some sort of ethical

conflict, it is beside the point. *United States v. Garst*, 2015 WL 631402 at * 4-5 (D. Kan. Feb. 13, 2015) (rejecting same "inherent conflict of interest" argument since "'a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the plea or the waiver.'") (quoting *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001)).[6]

As in *Garst*, the record shows that Nelson understood the nature of the charges against him, the rights he gave up when he entered the guilty plea, and the possible penalties for the offense. He signed his name to his plea agreement, which explained what he was giving up and the consequences he faced. Doc. 148 at 16-20. The district judge also thoroughly covered that same ground and found that his plea was knowing and intelligent, including the double waiver. Doc. 188 at 16-53. Indeed, Nelson cites *no* deficiencies other than his own declaration that Burns operated under the same "inherent conflict" that supported no §

---

[6] This reasoning aligns with *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("An ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."), quoted in *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) ("It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily.").

5

2255 relief in *Garst*, and in *Adame-Najera v. United States*, 2014 WL 6792113 at *1 (N.D. Ga. Dec. 2, 2014). It similarly supports no such relief here.

In a supplemental motion, Nelson argues that his guilty plea lacked a statutory factual element (an interstate connection), for the conspiracy he joined was limited to kidnapping someone *within* the State of Georgia. Doc. 200 at 2 ("The court accepted my plea agreement without there being a factual basis for the same in particular, but not exclusive, there was no factual basis as to the element on the interstate commerce.").

Even were this argument not waived, much less procedurally defaulted, it still fails on the merits. During Nelson's guilty-plea hearing the judge and government spelled out his crime's elements, including the use of a cell phone to commit the crime. Doc. 188 at 34-38, 60, 66 ("Yes, sir, and, you know, using my cell phone."). That's enough. *See United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007) (holding that the use of a cellphone is sufficient to satisfy an element of use of interstate commerce), cited in *United States v. Breal*, 593 F. App'x 949, 952 (11th Cir. 2014).

Nelson's § 2255 motion, doc. 199, as supplemented, doc. 200, should be **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 6th day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORIA