UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | | |
|---|---|---|---|
| CECIL DEWITT NELSON, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV615-021 |
| | ) | | CR612-005 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## AMENDED ORDER

After a careful, *de novo* review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 10, to which objections have been filed. Doc. 13. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

A prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. This Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. It should grant one only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482–84 (2000), movant Cecil Dewitt Nelson has failed to

make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Nelson is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

The R&R advised the Court to deny Nelson's § 2255 motion because he in fact had received conflict-free, effective assistance of counsel when he knowingly and voluntarily pled guilty to a kidnapping conspiracy, for which he received a life sentence.[2] Furthermore, his *"Blakely"* claim was procedurally defaulted. Doc. 10. Nelson's Fed. R. Civ. P. 71(b)(2) Objections show no error in the ruling on the "conflict of interest" (based on a Kentucky case) and procedural default issues. He continues to accuse his lawyer of "bad faith, dishonesty, and conspiracy with the government," doc. 12 at 3, and he insists that the district judge somehow conveyed to him the impression that he faced only a 120-month term of imprisonment for his role as a central player in the two kidnapping schemes. *Id.* at 12 (claiming that the district judge somehow gave him "confidence" that his term of imprisonment was limited to 120 months). But Nelson was not duped into such a belief because the district judge directly informed him, during his guilty-plea hearing, that under the plea agreement he faced life imprisonment:

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

[2] The conspirators forcibly entered the homes of their two victims, abducted them at gunpoint, and held them for ransom. A large sum of money was paid by the families of the two victims in order to secure their release. CR612-5, doc. 105.

Q. Now, if -- I want you to be very sure that you understand -- I can sentence you *under your plea* for up to *life* imprisonment. Do you understand that?

A. Yes, sir.

Q. No question, you understand that. Is that right?

A. Yes, sir.

Doc. 188 at 38 (emphasis added). That exchange negates Nelson's "fraud" claim outright.

Nelson has wasted this Court's time with a "buyer's remorse" filing. He chose to plead guilty with full knowledge of the consequences. Now he must live with those consequences.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3