IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| CECIL DEWITT NELSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CV 615-021 |
| | * | (formerly CR 612-005) |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court are Petitioner Cecil Dewitt Nelson's motion for relief from judgment and to reopen case (Doc. 52), motion for evidentiary hearing (Doc. 58), and motion for judicial notice (Doc. 60). For the following reasons, these motions are **DENIED**.

Petitioner moves for relief from judgment and to re-open his initial 2255 proceedings. (Doc. 52, at 1.) Petitioner's motion again asserts arguments about the legality of his conviction and attempts to raise "newly discovered evidence" he received in 2016-2017. (Id. at 2-3.) This motion copies, almost verbatim, prior motions filed by Petitioner. (See Doc. 34.) There is nothing offered in this motion to change the Court's prior decisions in this case and certainly nothing offered to meet the high threshold for reconsideration under Rule 60(b). Accordingly, as previously explained by the Court in its November 14, 2019, October 28, 2020,

and November 19, 2020 Orders, the Court will not consider these challenges. Petitioner also moves for a hearing on this motion (Doc. 58) and for judicial notice of the facts of his case (Doc. 60). These, too, are motions the Court has continually denied, and based on the above findings, are irrelevant at this point in time.

Based on the foregoing, Petitioner's motion for relief from judgment and to reopen case (Doc. 52), motion for evidentiary hearing (Doc. 58), and motion for judicial notice (Doc. 60) are **DENIED**. Further, the Court finds that Petitioner continues to employ tactics of filing to simply waste the judiciary's limited resources, and the Court will not accept further filings of this nature. Therefore, the Clerk is **ORDERED** to return any filing by Petitioner that challenges the legality of his conviction or sentence or moves to reopen this litigation unless and until the Eleventh Circuit expressly authorizes and directs this Court to enter the filing on this docket. See Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1996) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . This Court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." (citations omitted).)

**ORDER ENTERED** at Augusta, Georgia, this 8th day of November, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA